USCA No. 24-3040

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JULIUS OMAR ROBINSON,<br><br>        Petitioner-Appellant,<br><br>v.<br><br>STEVEN MERENDINO,<br><br>        Respondent-Appellee. | Appeal from the<br>Southern District of Indiana<br>Terre Haute Division<br><br>USDC No. 2:20-cv-00640-JPH-DLP<br><br>Judge James Patrick Hanlon |

## APPELLANT'S MEMORANDUM OF LAW

CUAUHTEMOC ORTEGA
Federal Public Defender
JONATHAN C. AMINOFF
(Cal. Bar No. 259290)
(E-Mail: jonathan_aminoff@fd.org)
MICHAEL B. PETERSEN
(Cal. Bar No. 311729)
(E-Mail: michael_petersen@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Petitioner-Appellant

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF THE CASE ...............................................................2

III. THIS COURT HAS JURISDICTION TO HEAR THIS APPEAL ................4

    A. The Supreme Court's decision in *Jones v. Hendrix* does not deprive this Court of jurisdiction over this appeal. ..............................4

    B. The Suspension Clause requires that jurisdictional claims receive habeas review. ..................................................................................9

    C. This Court's *en banc* decision in *Webster v. Daniels* is still good law and permits review of Robinson's § 2241 Petition. .....................13

    D. The Court's decision in *Garza v. Lappin* is still good law and permits review of Robinson's § 2241 Petition. ...................................16

    E. The Court should consider Robinson's § 2241 petition if the Court finds that any one claim satisfies the saving clause. ...........................19

IV. CONCLUSION.....................................................................................19

CERTIFICATE OF SERVICE ..........................................................................21

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Alleyne v. United States*,
570 U.S. 99 (2013)........................................................................................9

*Borden v. United States*,
593 U.S. 420 (2021)......................................................................................7

*Brown v. Davenport*,
596 U.S. 118 (2022)....................................................................................11

*Ex parte Lange*,
85 U.S. 163 (1873)......................................................................................12

*Ex parte Watkins*,
3 Pet. 193 (1830)..........................................................................................8

*Ex parte Wilson*,
114 U.S. 417 (1885)...............................................................................11, 12

*Fields v. Gilley*,
121 F.4th 598 (7th Cir. 2024) .....................................................................8

*Garza v. Lappin,*
253 F.3d 918 (2001).............................................................................*passim*

*Hogsett v. Lillard,*
72 F.4th 819 (7th Cir. 2023) ......................................................................7

*In re Davenport*,
147 F.3d 605 (7th Cir. 1998) ................................................................6, 18

*In re Robinson*,
917 F.3d 856 (5th Cir. 2019) .....................................................................3

*In re Webster*,
605 F.3d 256 (2010)...............................................................................2, 15

*Jones v. Hendrix*,
599 U.S. 465 (2023).............................................................................*passim*

**TABLE OF AUTHORITIES**

Page(s)

*Lamar v. United States*,
240 U.S. 60 (1916)..................................................................................................10

*Medellin v. Texas*,
552 U.S. 491 (2008)................................................................................................17

*Monge v. California*,
524 U.S. 721 (1998)................................................................................................16

*Murray v. Giarratano*,
492 U.S. 1 (1989)....................................................................................................16

*Purkey v. United States*,
964 F.3d 603 (7th Cir. 2020) ...................................................................................5

*Rehaif v. United States*,
588 U.S. 225 (2019)............................................................................................6, 14

*Robinson v. United States*,
565 U.S. 827 (2011)..................................................................................................2

*Robinson v. United States*,
Case No. 13.361........................................................................................................3

*Robinson v. United States*,
N.D. TX Case No. 05-CV-756 .................................................................................3

*Roundtree v. Krueger*,
910 F.3 312 (7th Cir. 2018) .....................................................................................1

*Sanders v. M. Joseph*,
72 F.4th 822 (7th Cir. 2023) ....................................................................................7

*United States v. Cotton*,
535 U.S. 625 (2002)................................................................................................10

*United States v. Henderson, et al.*,
N.D. TX Case No. 00-CR-260 .................................................................................2

*United States v. Robinson*,
2010 U.S. App. LEXIS 11675 (5th Cir. 2010) ........................................................2

**TABLE OF AUTHORITIES**

Page(s)

*United States v. Robinson*,
  367 F.3d 278 (5th Cir. 2004) ...................................................................2, 9

*United States v. Smith*,
  360 U.S. 1 (1959)...................................................................................10, 16

*United States v. Williams*,
  341 U.S. 58 (1951).......................................................................................10

*Webster v. Daniels*,
  784 F.3d 1123 (7th Cir. 2015) ............................................................*passim*

*Woodson v. North Carolina*,
  4528 U.S. 280 (1976)...................................................................................15

**Federal Statutes, Rules and Procedures, and Amendments**

18 U.S.C. § 1118.............................................................................................18

18 U.S.C. § 922(g) .....................................................................................6, 14

28 U.S.C. § 2241 ....................................................................................*passim*

28 U.S.C. § 2255 ....................................................................................*passim*

Fed. Rule of Civil Proc. 60(b)........................................................................2

Fed. Rule of Crim. Proc. 7(b) ......................................................................10

U.S. Const. amend. V................................................................................10, 14

U.S. Const. amend. VIII......................................................................13, 14, 15, 16

Appellant Julius Robinson brings this appeal from the district court's order denying his petition for writ of habeas corpus ("§ 2241 petition").  The Court directed Robinson to file a memorandum explaining why his appeal should not be summarily dismissed in light of *Jones v. Hendrix*, 599 U.S. 465 (2023).  Robinson hereby files the ordered memorandum, but respectfully requests full briefing and an appeal in the ordinary course, as the underlying jurisdictional issues are central to this appeal, involve the accurate interpretation of this Court's longstanding precedent, and are significantly more complicated than they first appear.

## I.  INTRODUCTION

Prior to *Jones*, the law of this Circuit was that the § 2255 remedy is "inadequate or ineffective" "when it cannot be used to address novel developments in either statutory or constitutional law, whether those developments concern the conviction or the sentence." *Roundtree v. Krueger*, 910 F.3 312, 313 (7th Cir. 2018).

In *Jones*, the Supreme Court held that the § 2255 remedy is not inadequate or ineffective when it cannot be used to address novel developments in *statutory* law.  The Court did not decide whether novel developments in constitutional or jurisdictional law rendered § 2255 inadequate or ineffective, or whether the Suspension Clause required review of a § 2241 where properly raised.  This appeal presents both of these issues, as well as whether *Jones* overruled this Circuit's

1

long-standing precedent in *Garza* and *Webster*, cases that do not involve novel developments in statutory law.

## II.  STATEMENT OF THE CASE

Robinson was convicted in the Northern District of Texas of various drug and weapons offenses stemming from his involvement in a conspiracy to distribute marijuana and cocaine. *United States v. Henderson, et al.*, N.D. TX Case No. 00-CR-260.  In the course of this alleged criminal enterprise, three people were killed. Robinson was accused of directly participating in two of the killings and indirect involvement in the third.  The government noticed its intent to seek the death penalty on five counts, and Robinson was ultimately sentenced to death on three counts and life on the other two.  Robinson's convictions and sentences were affirmed on appeal. *United States v. Robinson*, 367 F.3d 278 (5th Cir. 2004).

Robinson moved, pursuant to 28 U.S.C. Section 2255, to vacate his convictions and sentences. N.D. TX CR-260-2 at Dkt. 2279.  The district court summarily denied Robinson's section 2255 motion, and the Fifth Circuit affirmed the denial of a certificate of appealability. *Id.* at Dkt. 2453, 2473; *United States v. Robinson*, 2010 U.S. App. LEXIS 11675 (5th Cir. 2010).  The Supreme Court denied certiorari. *Robinson v. United States*, 565 U.S. 827 (2011).

In 2018, Robinson moved to reopen the section 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b) based on intervening developments in the

2

law.  The district court transferred the motion to the Fifth Circuit as an unauthorized second or successive section 2255 motion. *Robinson v. United States*, N.D. TX Case No. 05-CV-756, Dkt. 10, 18.3.  The Fifth Circuit agreed that Robinson's motion was a second or successive section 2255 motion and denied authorization to file such a motion. *In re Robinson*, 917 F.3d 856 (5th Cir. 2019) *cert. denied Robinson v. United States*, 140 S. Ct. 1128 (2020).

Robinson timely filed a petition alleging violations of his human rights in the Inter-American Commission on Human Rights on April 3, 2012.  *Robinson v. United States*, Case No. 13.361. On August 14, 2020, the Commission ruled in Robinson's favor and published its report finding multiple instances in which the United States had violated Robinson's human rights. *Id*. at Report No. 162/19.

Robinson filed his § 2241 petition in the Southern District of Indiana on December 3, 2020.  Dkt. 1.  The petition included five claims for relief:

1. The trial court lacked jurisdiction over the death-eligible offenses because the superseding indictment did not charge Robinson with a capital offense;

2. The prosecutor presented false and misleading evidence at the penalty trial, and trial counsel was ineffective in failing to challenge the false evidence;

3. Trial counsel was ineffective for failing to object to the prosecutor's racially motivated peremptory strikes of prospective jurors;

4. Trial counsel was ineffective at the penalty trial;

5. Robinson's rights under the American Declaration of the Rights and Duties of Man have been violated in multiple ways warranting habeas relief with respect to both the guilt and penalty portions of his trial.

The parties completed the second of two rounds of briefing on October 12, 2022.  Dkt. 15, 21, 27, 31.  On June 22, 2023, the Supreme Court issued its decision on *Jones v. Hendrix*, 599 U.S. 465 (2023). On July 13, 2023, Robinson filed a notice of supplemental authority.  Dkt. 33.  On September 30, 2024, the district court denied Robinson's 2241 petition.  This timely appeal followed.

On December 23, 2024, President Joseph R. Biden commuted Robinson's death sentences to life imprisonment.  As a result, Robinson acknowledges that claims two and four are now likely moot.

### III.  THIS COURT HAS JURISDICTION TO HEAR THIS APPEAL

**A.  The Supreme Court's decision in *Jones v. Hendrix* does not deprive this Court of jurisdiction over this appeal.**

28 U.S.C. Section 2255 provides:
(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

…

(e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Reading these two subsections together, a § 2255 motion is generally the exclusive avenue for a federal inmate to collaterally attack his sentence. *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020). However, pursuant to § 2255(e), or the so-called "saving clause," a federal inmate may file a petition for writ of habeas corpus if the remedy by a § 2255 motion is "inadequate or ineffective" to test the legality of his detention.

Courts grappled with how to apply § 2255(e) in situations where a Supreme Court decision interpreted a statute in a new, more favorable manner that would have benefitted a federal inmate had it been issued at the time of his trial, appeal, or initial § 2255 filing. A number of circuit courts had held that § 2255 is "inadequate or ineffective" when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's

trial, appeal, and first § 2255 motion. *Jones*, 599 U.S. at 477 (citing, amongst others, *In re Davenport*, 147 F.3d 605, 609-611 (7th Cir. 1998)).

It was this specific factual scenario the Supreme Court considered in *Jones v. Hendrix*. There, petitioner Jones had been convicted of two counts of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). His convictions were affirmed on appeal and his § 2255 motion was denied. The Supreme Court then issued its decision in *Rehaif v. United States*, 588 U.S. 225 (2019), holding that a defendant's knowledge of the status that disqualifies him from owning a firearm is an element of a § 922(g) conviction, and abrogating Eighth Circuit precedent which was applied in Jones' trial and on direct appeal. *Jones*, 599 U.S. at 470. In *Rehaif*, defendant Rehaif was convicted for possessing firearms as an alien unlawfully in the United States. At trial, his jury was instructed that the government need not prove that Rehaif was illegally or unlawfully in the United States. *Rehaif*, 588 U.S. at 228. Rehaif appealed, and then Eleventh Circuit held that the government is not required to provide that the defendant knew his own status. The Supreme Court reversed holding that it was the government's burden to prove that the defendant knew he possessed a firearm and knew he had the relevant status when he possessed it. *Id*. at 227.

Hoping to capitalize on *Rehaif,* Jones filed a § 2241 petition arguing that the Supreme Court's non-retroactive statutory decision in *Rehaif* should apply to his

6

2000 conviction.  The reviewing district court held that it did not, the Eighth

Circuit affirmed, and the Supreme Court granted review.  The Court ultimately

held that a federal prisoner may not file a second or successive § 2255 motion

based solely on a more favorable interpretation of statutory law, and this rule does

not make § 2255 inadequate or ineffective.  *Jones*, 599 U.S. at 470; see *id.* at 480

("Section 2255(h) specifies the two limited conditions in which Congress has

permitted federal prisoners to bring second or successive collateral attacks on their

sentences. The inability of a prisoner with a statutory claim to satisfy those

conditions does not mean that he can bring his claim in a habeas petition under the

saving clause.")

In its several applications of *Jones*, this Court has interpreted *Jones* literally

and closely followed its dictates.  For example, in *Hogsett v. Lillard*, this Court

explained that "Hogsett previously filed a § 2255 motion, and he now wishes to

invoke *Borden* [*v. United States*, 593 U.S. 420 (2021)] to mount a new collateral

attack on his sentence. Because *Borden* is a statutory interpretation decision,

§ 2255(h) does not permit Hogsett to file a successive § 2255 motion, and *Jones*

forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)."  72

F.4th 819, 821-22 (7th Cir. 2023); *see also Sanders v. M. Joseph*, 72 F.4th 822,

825 (7th Cir. 2023) ("Under *Jones v. Hendrix*, Sanders cannot bring his statutory

claim in a § 2241 habeas petition via the saving clause….”); *Fields v. Gilley*, 121 F.4th 598, 604 (7th Cir. 2024) (same).

The *Jones* Court also considered whether barring Jones from seeking relief via § 2241 was a suspension of the writ. The Court held that because Jones' *Rehaif* claim would "extend the writ of habeas corpus far beyond its scope when the constitution was drafted and ratified" the Suspension Clause argument fails. *Jones*, 599 U.S. at 482-83. To put it another way, at the time the Suspension Clause was adopted, Jones' *Rehaif* claim would not have been cognizable via a habeas petition, and therefore barring Jones from bringing his claim in a habeas petition could not be a violation of the Suspension Clause. *Id*. at 483. For this proposition, the Court's analysis was largely driven by *Ex parte Watkins*, 3 Pet. 193 (1830), which limited a reviewing court, in habeas, from looking "'beyond the judgment' to 're-examine the charges on which it was rendered' for substantive errors of law—even 'if ... the [sentencing] court ha[d] misconstrued the law, and ha[d] pronounced an offence to be punishable criminally, which [was] not so.'" *Jones*, 599 U.S. at 482 (quoting *Watkins*, 3 Pet. at 202).

*Jones* thus leaves open, at minimum, the possibility of raising claims in § 2241 petitions that are either non-statutory or that would have been cognizable in habeas at the time the Suspension Clause was adopted. Indeed, the Supreme Court emphasizes an implicit preference for constitutional claims in § 2255(h). *See*

*Jones*, 599 U.S. at 478 ("§ 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so.").

**B.     The Suspension Clause requires that jurisdictional claims receive habeas review.**

In claim one of Robinson's § 2241 petition, he details how he was indicted for non-capital murder, not the relevant separate aggravated offense of capital murder. § 2241 Petition at 21-36.  The government's failure to indict Robinson for a capital offense left the district court without jurisdiction to sentence Robinson to death or life on the death-eligible counts.  As a result, Robinson's three death sentences and two life sentences must be vacated.

Robinson raised this claim pretrial and on direct appeal, but the Fifth Circuit considered the claim non-jurisdictional and denied the claim based on a lack of prejudice.  *United States v. Robinson*, 367 F.3d 278, 285-289 (5th Cir. 2004).  The Supreme Court's subsequent decision in *Alleyne v. United States*, 570 U.S. 99 (2013), decided after the conclusion of Robinson's § 2255 proceedings, establishes that the failure to include the aggravating circumstances in the indictment means that Robinson was not indicted for capital murder. § 2241 Petition at 24-25.

In *United States v. Smith*, 360 U.S. 1 (1959), the Supreme Court established that the Fifth Amendment's right to indictment by grand jury is a non-waivable right when the defendant is accused of a death-eligible offense. The failure to indict a defendant deprives the trial court of the "power… to hear the case." *Id*. at 9. The Court's later decision in *United States v. Cotton*, 535 U.S. 625 (2002) is consistent, holding that the grand jury right is only waivable in the non-capital context, and citing to *Smith* and Rule 7 in support thereof. *Id*. at 630. Indeed, Rule 7 itself specifies that indictment may be waived only in the non-capital context. Fed. Rule of Crim. Proc. 7(b).

*Cotton*, however, also includes a discussion regarding jurisdiction, explaining that the Court had "departed from [the] view that indictment defects are 'jurisdictional…'" *Id*. at 631. In support of this view, the *Cotton* Court relied on *Lamar v. United States*, 240 U.S. 60 (1916) and *United States v. Williams*, 341 U.S. 58 (1951), both of which rejected jurisdictional challenges based on defective indictments in the non-capital context. *Smith*, however, post-dates both *Lamar* and *Williams*, indicating that the Court was not only aware of those decisions but also recognized a jurisdictional distinction between death-eligible and non-capital crimes.

*Jones* did not hold that *Watkins* barred a Suspension Clause argument as to a *jurisdictional* claim, and it could not do so because jurisdictional habeas claims

enjoy a much longer historical privilege that extends back to the founding. In *Brown v. Davenport*, published just a year prior to *Jones*, the Supreme Court noted—with citation to the *Watkins* decisions' interpretation of the very first United States habeas statute—that the right to bring a post-judgment jurisdictional claim was well established. *Brown v. Davenport*, 596 U.S. 118, 129 (2022) (Even when post-judgment writs were traditionally barred, "an important exception existed in both English and American law: A habeas court could grant relief if the court of conviction lacked jurisdiction over the defendant *or his offense*.") (emphasis added).

Consistent with *Brown*, the *Smith* Court relied on *Ex parte Wilson*, 114 U.S. 417 (1885), for its ultimate holding that prosecutor's information and defendant's waiver of indictment were not binding and "did not confer power on the convicting court to hear the case." In *Wilson*, the petitioner filed a habeas petition to challenge his sentence of 15-years imprisonment based on charges brought in an information. The Court began its analysis with the principle, echoed in the *Jones* suspension of the writ discussion, that:

> It is well settled by a series of decisions that this court, having no jurisdiction of criminal cases by writ of error or appeal, cannot discharge on *habeas corpus* a person imprisoned under the sentence of a circuit or district court in a criminal case, unless the sentence exceeds the jurisdiction of that court, or there is no authority to hold him under the sentence.

*Id*. at 420-421.  The Court concluded that when the offense at issue is a capital or infamous crime, and the defendant has not been indicted for the offense, the district court exceeds its jurisdiction when sentencing the defendant for that offense.  *Id*. at 429.  And in this context the Court granted the petitioner's habeas petition, finding this an appropriate exercise of habeas jurisdiction.

Indeed, the Court consistently held that judgments from criminal courts could be challenged in habeas if the ultimate sentence imposed strayed outside of the court's authority.  *Ex parte Lange*, 85 U.S. 163, 176 (1873) ("If a justice of the peace, having jurisdiction to fine for a misdemeanor, and with the party charged properly before him, should render a judgment that he be hung, it would simply be void. Why void? Because he had no power to render such a judgment. So, **if a court of general jurisdiction should, on an indictment for libel, render a judgment of death, or confiscation of property, it would, for the same reason, be void.**") (emphasis added).

Given that Robinson was not indicted for a capital offense, yet was tried for multiple capital offenses, the district court exceeded its jurisdiction in hearing those counts and sentencing Robinson on those counts.  As a result, the death-eligible counts must be vacated.  And because the sentences exceeded the district court's jurisdiction, Robinson is entitled to bring this claim in a habeas petition, as

it would violate the Suspension Clause for the Court to bar these claims under

§ 2255(e).  *See Jones*, 599 U.S. at 482-84.

**C.      This Court's *en banc* decision in *Webster v. Daniels* is still good law and permits review of Robinson's § 2241 Petition.**

*Webster* is not a case about a favorable change in statutory law that post-

dates an initial section 2255 proceeding.  Rather, *Webster* concerns the discovery

of "new evidence [that] would reveal that the Constitution categorically prohibits a

certain penalty…."  784 F.3d 1123, 1139 (7th Cir. 2015) (en banc).  In *Webster*,

the petitioner had continually, both pre- and post-trial, contended that he was

intellectually disabled such that the Eighth Amendment prohibited his death

sentence.  *Id*. at 1126-1135.  Following his unsuccessful § 2255 proceedings,

Webster's attorneys discovered new evidence, not previously available despite

their due diligence, that established that Webster was indeed intellectually

disabled.  Webster filed a § 2241 petition in the Southern District of Indiana, and

on review this Court held that "there is no categorical bar against resort to section

2241 in cases where new evidence would reveal that the Constitution categorically

prohibits a certain penalty…."  *Id*. at 1139.  This Court then created a framework

for considering claims such as Webster's intellectual disability claim where the

district court first considers whether the petitioner has made a prima facie showing

to support his claim.  If the petitioner surpasses this initial hurdle then the saving

clause is deemed satisfied, and the district court considers the petition on its merits. *Id.* at 1141.

Robinson's claim one fits within the *Webster* window, and is thus cognizable via § 2241. Specifically, Robinson's claim is that the Constitution categorically prohibits a death or life sentence in his case because he was not indicted for a capital crime. In the same manner that post-conviction developments established that Webster is intellectually disabled, as he argued since his pretrial proceedings, and thus the Eighth Amendment bars a capital prosecution; post-conviction developments (specifically new caselaw) established that Robinson was not indicted for a capital crime, as he argued since his pretrial proceedings, and thus the Fifth Amendment bars a capital prosecution. Significantly, the post-conviction development in Robinson's case is not a new statutory interpretation or new evidence, but rather one of jurisdiction under the Fifth Amendment to the Constitution—under the law, the United States District Court had no jurisdiction to hear Robinson's capital trial.

*Jones* did not expressly overrule *Webster*, and does not speak to constitutional claims. Indeed, *Jones* dealt with a purely statutory claim regarding the Supreme Court's interpretation of 18 U.S.C. § 922(g) as expressed in *Rehaif*. With respect to its analysis of the meaning of the statute, the *Rehaif* decision doesn't so much as mention the Constitution. *See generally Rehaif*, 588 U.S. 225.

*Jones* is thus plainly limited to statutory claims. *Jones*, 599 U.S. at 480 ("Section 2255(h) specifies the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences. The inability of a prisoner *with a statutory claim* to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause.").

The *Webster* Court prevented a horrific injustice: the execution of a man whose execution was unconstitutional. Indeed, as cited in *Webster*, the Fifth Circuit in denying Webster's application to file a second or successive § 2255 motion bemoaned the tragic position in which it found itself and the absurdity of being unable to remedy the situation due to the strictures of § 2255(h). *Webster*, 784 F.3d at 1134-35 (citing *In re Webster*, 605 F.3d 256, 259-260 (2010) (Judge Wiener concurring)). The *Jones* decision does not require this Court to abandon its holding in *Webster*. With *Webster*, this Court correctly held that a constitutional claim that the Eighth Amendment prohibits the imposition of the death penalty is cognizable under § 2241. This Court need not expand *Jones* to an area it did not touch, and render itself powerless and with "no choice but to condone ... an unconstitutional punishment." *Webster*, 605 F.3d at 260.

If the Court required some kind of limiting principle, *Webster* could be limited to the death penalty context under the Eighth Amendment's "death is different" rubric. *Woodson v. North Carolina*, 4528 U.S. 280, 305 (1976). Given

15

the requirement of "heightened reliability" in the death penalty context, an overreading of *Jones* to exclude valid constitutional claims would be both inconsistent with the language of *Jones* and with longstanding Eighth Amendment jurisprudence. *See, e.g., Murray v. Giarratano*, 492 U.S. 1, 8-9 (1989) ("The finality of the death penalty requires a 'greater degree of reliability' when it is imposed." (internal citations omitted)); *Monge v. California*, 524 U.S. 721, 732 (1998) (observing that there is an "acute need for reliability in capital sentencing proceedings"). The fact of Robinson's commutation would not make his case ineligible for consideration under this approach given that it was prosecuted as a capital case. *Smith*, 360 U.S. at 7-8.

**D.** **The Court's decision in *Garza v. Lappin* is still good law and permits review of Robinson's § 2241 Petition.**

In *Garza v. Lappin*, this Court considered whether an intervening decision of an international tribunal issued in the petitioner's case after the conclusion of § 2255 proceedings satisfied the saving clause. 253 F.3d 918 (2001). There, following the conclusion of Petitioner Garza's § 2255 proceedings in the Southern District of Texas, Garza sought relief in the Inter-American Commission on Human Rights ("IACHR"). The IACHR ruled in Garza's favor finding that his death sentence violated international human rights norms. *Id*. at 920. Garza then filed a § 2241 petition in the Southern District of Indiana based on the IACHR's decision in his case. The district court, concluding that it lacked jurisdiction,

dismissed the petition. *Id.* This Court reversed the district court, determining that the saving clause did not bar Garza's § 2241 petition because "the operation of the successive petition rules [would] absolutely prevent [Garza] from ever having an opportunity to raise a challenge to the legality of his sentence." *Id*. at 922.

Similarly, after the denial of his § 2255 motion, Robinson filed a petition in the IACHR pleading various human rights violations in connection with his convictions and death sentences. *See generally* § 2241 Petition, Claim 5, 153-154. The IACHR eventually issued a decision finding multiple human rights violations in his case. Robinson pled the violations as Claim 5 in his § 2241 petition, noting that since *Garza,* the Supreme Court had issued its decision in *Medellin v. Texas*, 552 U.S. 491 (2008), which suggested that although the decisions of international courts may not be binding on the states, such decisions impact on federal courts are subject to a different analysis.

*Jones* did not expressly overrule *Garza*, and did not touch on the impact of intervening decisions issued in the specific petitioner's case. *Jones* does however recognize that a § 2241 petition is available to a petitioner "in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. This was precisely this Court's reasoning in *Garza* and why it reversed the district court's finding that it lacked jurisdiction to consider Garza's § 2241 petition. Indeed, the IACHR requires that a petitioner exhaust his

domestic remedies before seeking recourse with the commission. *Garza*, 253 F.3d at 920. As a result, Robinson could not have filed his petition in the IACHR until his § 2255 proceedings had concluded. *Id*.

The court below found that *Garza* and this Court's decision in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) were indistinguishable and thus because *Jones* expressly overruled *Davenport*, the logic of *Garza* necessarily fails. Dkt. 34 at 18-19. Robinson respectfully disagrees. One of the primary goals of the AEDPA was to bring finality to criminal convictions. *Jones*, 599 U.S. at 480. Under *Jones*, defendants with final convictions cannot seek relief every time the Supreme Court interprets a statute. But *Jones* does not touch on situations where a new decision is issued specifically in the petitioner's case. Consider, for example, the case of a defendant sentenced to death for murder by an inmate serving a term of death or life imprisonment in a violation of 18 U.S.C. § 1118. Following the conclusion of his § 2255 proceedings, the Supreme Court issues a new decision of constitutional law made retroactive to cases on collateral review that invalidates the defendant's original death or life sentence. The defendant files a second section 2255 motion pursuant to § 2255(h)(2) in his original case attacking his death or life sentence, and that sentence is vacated. But the § 1118 death sentence still stands despite the fact that the life or death sentence on which it is based no longer exists. This outcome would obviously be absurd, and illustrates that when a

judicial decision is issued in the petitioner's own case, he must be entitled to reap the benefit of that.

The *Jones'* rule that a post-§ 2255 favorable change in statutory interpretation generally does not satisfy the saving clause and the *Garza* rule that an intervening decision in the petitioner's own case does satisfy the saving clause are clearly distinguishable. There is no basis for this Court to extend *Jones* such that it strips this Court of the authority to respond in cases where justice requires intervention.

The fact that *Garza* ultimately held that the IACHR claims did not entitle Garza to relief is of no consequence. The question, at this stage, is purely jurisdictional, and *Garza* holds that this Court has jurisdiction in this circumstance. *Garza*, 253 F.3d at 921-924.

E.    **The Court should consider Robinson's § 2241 petition if the Court finds that any one claim satisfies the saving clause.**

As briefed in detail below (dkt. 4 at 154; 31 at 17-24), to the extent the Court finds that any one claim in Robinson's petition satisfies the saving clause, the Court has jurisdiction to consider Robinson's entire § 2241 petition.

## IV.  CONCLUSION

This Court's decision in *Webster* demonstrated the need for an equitable approach to § 2241 litigation. Absent the Court's balanced and sound approach, Webster—whose execution is categorically constitutionally barred—would likely

19

have been executed in 2020 when his co-defendant, Orlando Hall, was executed. Robinson respectfully requests the opportunity to fully brief his appellate claims before this Court decides the impact of *Jones* on *Webster* and *Garza,* the latter of which has been the law of the Seventh Circuit for almost 25 years.

For the foregoing reasons, Robinson submits that this Court has jurisdiction to consider this appeal and Robinson respectfully requests that the Court order full briefing and oral argument to resolve this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 18, 2025    By  *s/ Jonathan C. Aminoff*
                                         JONATHAN C. AMINOFF
                                         MICHAEL PETERSEN
                                         Deputy Federal Public Defenders
                                         Attorney for Petitioner-Appellant

# CERTIFICATE OF SERVICE

I certify that on February 18, 2025, I filed this memorandum of law through this Court's electronic case-filing system, which will serve all participants in this case who are registered users of that system. I also certify that I have directed that this motion be sent by first-class mail to:

Julius Robinson
Reg. No. 26190-177
USP - Terre Haute
P.O. Box 33
Terre Haute, Indiana 47808

Dated: February 18, 2025

By  s/ Jonathan C. Aminoff
JONATHAN C. AMINOFF
MICHAEL PETERSEN
Deputy Federal Public Defenders
Office of the Federal Public Defender
Central District of California
321 E. 2nd Street
Los Angeles, CA 90012
Telephone:  (213) 894-5374
Facsimile:  (213) 894-0310
jonathan_aminoff@fd.org
michael_petersen@fd.org
Attorneys for Julius Omar Robinson