**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| JULIUS OMAR ROBINSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 24-3040 |
| | ) | |
| JOE WADAS, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

**RESPONDENT-APPELLEE WADAS'S**
**MOTION FOR LEAVE TO TRANSFER PRISONER**

Respondent-Appellee Joe Wadas ("the government") respectfully requests leave pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure to transfer Petitioner-Appellant Julius Omar Robinson. In support of this motion, the government states:

1.      Robinson appeals from the dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. On November 14, 2024, this Court ordered Robinson to file a memorandum explaining why it should not summarily affirm that dismissal under *Jones v. Hendrix*, 599 U.S. 465 (2023). Robinson complied, and his appeal remains pending.

2. Robinson is currently in the custody of Warden Wadas at USP Terre Haute. Counsel for the Bureau of Prisons has informed the undersigned that Robinson has been designated to move to USP Florence ADMAX.

3. If this Court grants this motion (and if it does not dispose of this matter prior to any transfer), the government will notify this Court of the identity of Robinson's new custodian if—and when—any transfer is complete. *See* Fed. R. App. P. 43(c); Circuit R. 43.

4. Undersigned counsel contacted Jonathan Aminoff, counsel for Robinson, seeking Robinson's position on a motion for leave to transfer under Rule 23(a). Robinson is opposed, and his counsel stated: "Mr. Robinson was previously given notice that the BOP intended to transfer him to the supermax prison facility in Florence, Colorado. Mr. Robinson is challenging the validity of this proposed transfer, and is a named plaintiff in *Taylor v. Trump*, D.D.C. Case No. 25-CV-1161-TJK. As such, Mr. Robinson opposes the government's Rule 23 motion. Moreover, Mr. Robinson asserts that any such transfer would not affect this Court's jurisdiction over Mr. Robinson's section 2241 litigation."

5. The government agrees that transfer would not affect this Court's jurisdiction.

6. This Court recently granted a similar motion in *United States v. Agofsky*. *See* No. 24-1067, Order (7th Cir. filed Sept. 19, 2025).

For these reasons, the government respectfully requests leave to transfer Robinson.

Respectfully submitted,

Thomas E. Wheeler II
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Colorado Bar No. 43838
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: (214) 659-8600
jonathan.bradshaw@usdoj.gov

Attorneys for Respondent-Appellee

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations in Fed. R. App. P. 27(d)(2)(A) and contains 322 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system, which will serve counsel for Robinson.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney