| | | |
|---|---|---|
| JULIUS O. ROBINSON, | ) | USCA No. 24-3040 |
| | ) | |
| Petitioner-Appellant, | ) | Appeal from the United States |
| v. | ) | District Court for the Southern |
| | ) | District of Indiana, |
| | ) | Terre Haute Division |
| BRIAN LAMMER, Warden, | ) | |
| | ) | USDC No. 2:20-cv-00640-JPH-MG |
| Respondent-Appellee. | ) | Hon. James P. Hanlon, *Judge*. |

## UNITED STATES' MEMORANDUM IN LIGHT OF NEW AUTHORITY

This Court asked the parties to address "how this appeal should proceed in light of *Agofsky v. Baysore*," -- F.4th --, 2025 WL 3295772 (7th Cir. 2025). Even setting aside the United States' additional arguments in opposition to Mr. Robinson's claims, the *Agofsky* opinion confirms that this Court lacks jurisdiction over Mr. Robinson's habeas petition.

Julius Robinson appeals an order dismissing his habeas corpus petition under 28 U.S.C. § 2241. (Doc. 3 at 1–2; R. 34.) The district court found that the saving clause, 28 U.S.C. § 2255(e),[1] precluded the court from establishing jurisdiction over the petition. (R. 34 at 1.)

---

[1] That paragraph states: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." The phrase from "unless" to the end of the sentence is the saving clause. *See id.* at *1.

The district court was correct about the meaning of the saving clause, and there is no jurisdiction over this appeal. That is so because Mr. Robinson did not obtain permission from the Fifth Circuit to file a second or successive motion under § 2255 in the Northern District of Texas, where he was sentenced. 28 U.S.C. §§ 2244(a), (b)(3)(A), 2255(a), (e), (h); *see In re Robinson*, 917 F.3d 856, 858–861 (5th Cir. 2019). Indeed, the purpose of this appeal, according to Mr. Robinson, is to correct the district court's interpretation of the saving clause. (Doc. 3 at 1–2.)

*Agofsky* confirmed the correctness of the district court's decision. There, this Court recognized that its cases have not consistently interpreted the saving clause, which is an exception to the principle of finality, and held that the clause poses a jurisdictional barrier to reviewing a habeas petition. *See Agofsky*, 2025 WL 3295772 at *1. When charting the boundaries of the saving clause, the *Agofsky* Court also mapped that clause's territory.

The following sentence from *Agofsky* should end this appeal: "The saving clause . . . applies only in 'unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court'—for example, when the court has been dissolved or the prisoner is

2

incapable of being present where he was tried and sentenced." *Id.* at *3

(quoting *Jones v. Hendrix*, 599 U.S. 465, 474 (2023)).[2]

The word "only" is the key. All of Mr. Robinson's arguments rely on

"only" not meaning "only." The pre-*Jones* authority from this Court Mr.

Robinson relies on is inconsistent with *Jones*.

That means that the cases Mr. Robinson relies on for their

interpretation of the saving clause are not salvageable. *See Agofsky*, 2025 WL

3295772 at *6. In the main, Mr. Robinson relies on two cases to suggest that

the saving clause is broader than this Court's holding in *Agofsky*: *Webster v.*

*Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc); and *Garza v. Lappin*, 253

F.3d 918 (7th Cir. 2001). (*See* Doc. 7 at 1–2, 13–19.) That is wrong. Because

the descriptions of the saving clause in those two cases do not require a

prisoner to show that it is impossible or impracticable for him to seek relief

from the sentencing court, they cannot support Mr. Robinson's argument

post-*Jones*. *See Agofsky*, 2025 WL 3295772 at *3, 6.

*Webster*'s description of the saving clause goes far beyond *Agofsky*.

*Webster* held that the saving clause permits a court to consider a prisoner's

---

[2] "In all other cases," the strict limits of § 2255(h) apply, which allows prisoners to seek permission to file second or successive habeas motions in narrow circumstances. *See id.* Should Mr. Robinson seek such permission, the Fifth Circuit would be the "appropriate court of appeals" to determine whether to grant that permission. *See* 28 U.S.C. § 2255(h).

§ 2241 habeas petition if the prisoner proffers newly discovered evidence, which both existed prior to trial and was unavailable despite due diligence, and where that new evidence shows him to be categorically ineligible for the death penalty. *Webster*, 784 F.3d at 1140. The *Webster* Court did not interpret the saving clause as ensuring a practical "venue" in which to seek relief, but as a test concerning whether relief should be warranted. *See Jones*, 599 U.S. at 474. Thus, relief under the saving clause as described in *Webster* is no longer available after *Agofsky*.

Regardless, *Webster* does not apply to the claim Mr. Robinson is making even on the decision's own terms. (*See* Doc. 4 (asking Mr. Robinson to address this question); Doc. 7 at 9–16.) Among other things, *Webster* applies only to prisoners who claim that the death penalty is categorically inapplicable to them (i.e., to prisoners who were intellectually disabled or minors at the time of the crime) and to prisoners who make that categorical claim based on new evidence. (*E.g. Webster*, 784 F.3d at 1140, n. 9; *compare* Doc. 7 at 9 *with Poe v. LaRiva*, 834 F.3d 770, 774 (7th Cir. 2016).) Mr. Robinson has disregarded "the array of limitations" discussed in footnote nine. *Webster*, 784 F.3d at 1140, n. 9; (Doc. 7 at 14).

As Mr. Robinson concedes, he has raised his indictment claim before, losing the arguments that the defect was jurisdictional or structural. (Doc. 7 at 9); *see also United States v. Robinson*, 367 F.3d 278, 285–286 (5th Cir.

4

2004); *Robinson*, 917 F.3d at 866–868. Mr. Robinson does not assert an intervening change in the law since his last defective-indictment claim was rejected in 2019, which makes this § 2241 habeas petition an abuse of the writ. *See Roundtree v. Krueger*, 910 F.3d 312, 313–314 (7th Cir. 2018); *Robinson*, 917 F.3d at 866–868; (Doc. 7 at 9–13 (principally relying on cases from 2013 and earlier)).

The saving-clause analysis is similar. The indictment claim cannot be relitigated again because a "court shall not 'entertain'—i.e., adjudicate—a habeas application if the prisoner has failed to apply for or has been denied relief under § 2255." *Agofsky*, 2025 WL 3295772 at *7 (discussing 28 U.S.C. § 2255(e)).

*Garza* does not help Mr. Robinson either. The relevant holding in *Garza* was that the saving clause applied to an otherwise cognizable claim if "the operation of the successive petition rules absolutely prevented the petitioner from ever having an opportunity to raise a challenge to the legality of his sentence." *Garza*, 253 F.3d at 922. Like Garza, Mr. Robinson argues that his international-rights claim could never be brought appropriately in a § 2255 motion because the international body in question apparently requires a petitioner to exhaust his domestic remedies before seeking relief. (*See* Doc. 7 at 17–18 (citing *Garza*, 253 F.3d at 920).) *Garza* and Mr. Robinson imply that a prisoner must have an opportunity to file a cognizable claim (under

5

§ 2255(a)) without having to meet the criteria in § 2255(h). (*See id.* at 922–923; Doc. 7 at 17–19.)

Given *Agofsky*, Mr. Robinson cannot rely on *Garza* as he hopes. *Agofsky* rejected a similar argument: "The inability of a prisoner with a statutory claim to satisfy [the conditions in § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Agofsky*, 2025 WL 3295772 at *3 (quoting *Jones*, 599 U.S. at 480 (emphasis deleted)).

That this claim is based on a treaty rather than a statute matters not. The rule is that Mr. Robinson must show that the act of seeking relief is impractical—not that obtaining relief is impractical. *Id.* (discussing *Jones*, 599 U.S. at 474). Putting aside the likely frivolousness of this issue's merits,[3] "Congress channeled all federal postconviction review into the § 2255 remedy by prohibiting courts from entertaining § 2241 habeas applications as an alternative." *Agofsky*, 2025 WL 3295772 at *2 (emphasis deleted). Treaty obligations that are judicially enforceable as domestic law are cognizable

---

[3] *E.g. Mitchell v. United States*, 971 F.3d 1081, 1084 (9th Cir. 2020) (discussing *Garza*, 253 F.3d at 925–926); *Id.* at 1084, n. 4 (discussing *Medellín v. Texas*, 552 U.S. 491, 504–506 (2008)). The *Medellín* case distinguished treaties that are enforced politically from those enforced by "domestic" (i.e., state and federal) courts. *E.g. Medellín*, 552 U.S. at 504, 516, 518–520; (*but see* Doc. 7 at 17 (gesturing at, but not describing, a "different analysis" for federal courts and state courts)).

under § 2255(a) and therefore are part of the review that must be brought under § 2255 rather than under § 2241.[4]

*Webster* and *Garza* understandably reflected a concern that "condoning an execution that violates the Eighth Amendment" is an "intolerable result." *Webster*, 784 F.3d at 1139 (footnote omitted). Mr. Robinson reiterates the point. (*See* Doc. 7 at 15, 18–19.) That "core" principle—that habeas review must prevent the infliction of an unconstitutional sentence—necessarily privileges error correction over finality. *See id.* at 1139; *Jones*, 599 U.S. at 491. But while *Jones* did not expressly reject *Webster*'s policy concern, *Jones* makes clear that judges do not decide that "central policy question" at all; Congress makes the call. *See Jones*, 599 U.S. at 491.

Mr. Robinson also argues that the saving clause, combined with the Suspension Clause of the Constitution,[5] should provide an opportunity to file a § 2241 petition where the non-statutory claim would have been cognizable in habeas when the Constitution was drafted and ratified. (*See* Doc. 7 at 8.) That is inconsistent with *Jones* and much else besides. *See Jones*, 599 U.S. at

---

[4] *See Agofsky*, 2025 WL 3295772 at \*2; *Garza*, 253 F.3d at 923–924; *Mungiovi v. Chicago Housing Authority et al.*, 98 F.3d 982, 984 (7th Cir. 1996) (dicta); *see also* 28 U.S.C. § 2254(a); *Davis v. United States*, 417 U.S. 333, 343 (1974) ("[H]istory makes clear that s 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.").

[5] U. S. Const., Art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

483–484; *Agofsky*, 2025 WL 3295772 at *3; *Fields v. Gilley*, 121 F.4th 598, 602 (7th Cir. 2024); *see also Vialva v. Watson*, 975 F.3d 664, 666 (7th Cir. 2020) (§ 2255(e) cannot violate Suspension Clause).

Mr. Robinson claims that the "death is different" capital-sentencing doctrine calls for a different outcome (Doc. 7 at 15–16), but he has not provided authority to apply that jurisprudence after a commutation. (*See* Doc. 7 at 16 (conceding death penalty commuted here)). If a prisoner does not currently face a death sentence, he cannot ground a habeas claim on the theory that death is different. *See Harris v. Goord*, No. 03-CV-5117 JG, 2004 WL 1638173 at *4 (E.D.N.Y. 2004) (applying 28 U.S.C. § 2254(d)). That must be so because death is only different because of the finality of the imposition of that punishment—an issue that is now moot here. *See Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (plurality opinion). Indeed, Mr. Agofsky dropped that argument because of a similar commutation. *See Agofsky*, 2025 WL 3295772 at *1.

This Court should summarily affirm the judgment of the district court dismissing the petition for a writ of habeas corpus for lack of jurisdiction.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:    s/ Colin Clark
Colin Clark
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system to the following:

Jonathan C. Aminoff
Michael B. Petersen
Office of the Federal Public Defender,
Central District of California
Jonathan_Aminoff@fd.org
Michael_Petersen@fd.org
Attorneys for Petitioner-Appellant

s/ Colin Clark
Colin Clark
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333

**CERTIFICATE OF COMPLIANCE IN
ACCORDANCE WITH CIRCUIT RULE 32**

The foregoing memorandum of the United States complies with the type-volume limitations required under Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,999 words. Also, this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in Century Schoolbook and in 13-point font. I certify this on this 15th day of December, 2025.

s/ Colin Clark
Colin Clark
Assistant United States Attorney