IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| JULIUS OMAR ROBINSON,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>BRIAN LAMMER,<br><br>    Respondent-Appellee. | **USCA No. 24-3040**<br><br>Appeal from the<br>Southern District of Indiana<br>Terre Haute Division<br><br>USDC No. 2:20-cv-00640-JPH-DLP<br><br>Judge James Patrick Hanlon |

**MEMORANDUM OF LAW RE *AGOFSKY V. BAYSORE***

CUAUHTEMOC ORTEGA (No. 257443)
Federal Public Defender
JONATHAN C. AMINOFF
(Cal. Bar No. 259290)
(E-Mail: jonathan_aminoff@fd.org)
MICHAEL B. PETERSEN
(Cal. Bar No. 311729)
(E-Mail: michael_petersen@fd.org)
Deputy Federal Public Defenders
Office of the Federal Public Defender
321 East Second Street
Los Angeles, California 90012
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081
Attorneys for Petitioner

Attorneys for Petitioner
**JULIUS OMAR ROBINSON**

As directed by the Court on December 1, 2025, Appellant Julius Robinson hereby files this memorandum of law addressing this Court's decision in *Agofsky v. Baysore*, -- F.4th --, 2025 WL 3295772 (7th Cir. 2025).

In *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court clarified the application of § 2255(e), the so-called "saving clause," in instances where the Court issued a decision interpreting a statute in a new, more favorable manner that would have benefitted a federal inmate had it been issued at the time of his trial, appeal, or initial § 2255 filing. There, petitioner Jones had been convicted of two counts of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). His convictions were affirmed on appeal and his § 2255 motion was denied. The Supreme Court then issued its decision in *Rehaif v. United States*, 588 U.S. 225 (2019), holding that a defendant's knowledge of the status that disqualifies him from owning a firearm is an element of a § 922(g) conviction, and abrogating Eighth Circuit precedent which was applied in Jones' trial and on direct appeal. *Jones*, 599 U.S. at 470.

Hoping to capitalize on *Rehaif,* Jones filed a § 2241 petition arguing that the Supreme Court's non-retroactive statutory decision in *Rehaif* should apply to his 2000 conviction. The reviewing district court held that it did not, the Eighth Circuit affirmed, and the Supreme Court granted review.  The Court ultimately held that a federal prisoner may not file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law, and this rule does not make § 2255 inadequate or ineffective.  *Jones*, 599 U.S. at 470.

Following the Court's decision in *Jones*, this Court directed Robinson to explain why his appeal should not be dismissed per *Jones*. Dkt. 4.  Robinson filed his memorandum of law on February 18, 2025, explaining that *Jones* does not preclude raising claims in § 2241 petitions that are either non-statutory or that would have been cognizable in habeas at the time the Suspension Clause was adopted. Dkt. 7 at 8.  Robinson went on to explain how the Suspension Clause requires habeas review of jurisdictional claims, like the one presented in Robinson's petition.  Dkt. 7 at 9-13.  And finally, Robinson established that *Jones* did not overrule this Court's decision in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2014) (en banc) or *Garza v. Lappin,*

254 F.3d 918 (7th Cir. 2001), which both confirm that the saving clause does not bar consideration of Robinson's claims in his § 2241 petition.

On November 26, 2025, this Court issued its decision in *Agofsky v. Baysore*. There, petitioner Agofsky had been convicted of various criminal offenses and was subsequently sentenced to death in 2001. In 2022, hoping to capitalize on developing caselaw, Agofsky filed a § 2241 arguing that the Supreme Court's non-retroactive statutory decision in *Borden v. United* States, 593 U.S. 420 (2021), should apply to his 2001 conviction. *Agofsky*, 2025 WL at * 4. In a straightforward application of *Jones*, the district held that it lacked jurisdiction over Agofsky's § 2241 petition and this Court affirmed.

In response, Agofsky levied two arguments. First, he contended that capital cases are an exception to *Jones*. Robinson has not made this argument. Dkt. 7. Second, Agofsky claimed that the saving clause is a venue provision that can be, and was, waived by the government. Again, Robinson has not made this argument. Dkt. 7.

*Agofsky* does not address the issues presented by Robinson's appeal and did not, either explicitly or implicitly, overrule *Garza,* or even cite to *Webster*. Indeed, the main focus of *Agofsky* is whether the

4

saving clause itself is jurisdictional, and this Court resolved an intra-circuit conflict in *Agofsky* by affirmatively deciding that it is jurisdictional. *Id*. at *5-7.

Jurisdictional or otherwise, Robinson does not, and has not, argued that he is not bound by the saving clause. Indeed, in his § 2241 petition filed in the district court, he established that the petition generally, and claim by claim, met the standard of the saving clause. *See* Dist. Court Dkt. 4 at 7-21; 28-36; 71-74; 88-91; 146-153; 154-155. Robinson further expanded on how the saving clause does not bar relief in his previously filed memorandum of law. Dkt. 7.

Far from arguing that § 2255(e) does not apply to him, has been waived, or is of no consequence, Robinson embraces his burden and has established that the saving clause does not bar consideration of his § 2241 petition. As a result, *Agofsky* has no impact on this case.

///

Robinson again submits that the Court has jurisdiction to consider this appeal and respectfully requests that the Court grant him an appeal in the ordinary course including full briefing and oral argument to adequately resolve these important issues.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

Dated: December 15, 2025     By */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
MICHAEL PETERSEN
Deputy Federal Public Defenders
Office of the Federal Public Defender
Central District of California
321 E. 2nd Street
Los Angeles, CA 90012
Telephone:  (213) 894-5374
Facsimile:  (213) 894-0310
jonathan_aminoff@fd.org
michael_petersen@fd.org
Attorneys for Julius Omar Robinson

## CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I filed this memorandum of law through this Court's electronic case-filing system, which will serve all participants in this case who are registered users of that system. I also certify that I have directed that this memorandum be sent by first-class mail to:

> Julius Robinson
> Reg. No. 26190-177
> USP - Terre Haute
> P.O. Box 33
> Terre Haute, Indiana 47808

Dated: December 15, 2025

By */s/ Jonathan C. Aminoff*
JONATHAN C. AMINOFF
MICHAEL PETERSEN
Deputy Federal Public Defenders
Office of the Federal Public Defender
Central District of California
321 E. 2nd Street
Los Angeles, CA 90012
Telephone: (213) 894-5374
Facsimile: (213) 894-0310
jonathan_aminoff@fd.org
michael_petersen@fd.org
Attorneys for Julius Omar Robinson