USCA NO. 24-3040

IN THE UNITED STATES COURT OF APPEALS

FOR THE SEVENTH CIRCUIT

JULIUS OMAR ROBINSON,

        Petitioner-Appellant,

        v.

BRIAN LAMMER,

        Respondent-Appellee.

DC NO. 2:20-cv-00640-JPH-DLP

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

APPEAL FROM THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

HONORABLE JAMES PATRICK HANLON
United States District Judge

CUAUHTEMOC ORTEGA
Federal Public Defender
JONATHAN C. AMINOFF
Jonathan_Aminoff@fd.org
MICHAEL PETERSEN
Michael_Petersen@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone:  (213) 894-2854
Facsimile:  (213) 894-0081
Attorneys for Petitioner-Appellant

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 24-3030

Short Caption: JULIUS O. ROBINSON, Petitioner - Appellant v, STEVEN MERENDINO, Warden, Respondent - Appellee

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervener or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ] **PLEASE CHECK HERE IS ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
JULIUS O. ROBINSON, Petitioner - Appellant

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Federal Public Defender, Central District of California

(3) If the party, amicus or intervener is a corporation:

   i) Identify all its parent corporations, if any; and
N/A

   ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervener's stock:
N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
N/A

Attorney's Signature: _Michael Pet___ Date: February 17, 2026

Attorney's Printed Name: Michael Petersen

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** [✓] **No** [ ]

Address: Office of the Federal Public Defender

321 E. 2nd Street Los Angeles, CA 90012

Phone Number: (213) 894-1844    Fax Number: (213) 894-0081

E-Mail Address: Michael_Petersen@fd.org

**TABLE OF CONTENTS**

Page

STATEMENTS PURSUANT TO FED. R. APP. P. 40(b)(1) & (2)..........................1

I. INTRODUCTION ..............................................................................2

ARGUMENT .................................................................................................3

    I. The Suspension Clause requires that Robinson's jurisdictional claim receive habeas review................................................................3

        1. The Suspension Clause, at the time of its drafting, protected the right to bring a jurisdictional claim like the one at issue here..................................................................................................3

        2. The panel decision incorrectly classified Robinson's claim as non-jurisdictional.......................................................................3

    II. The Court should grant rehearing en banc. .............................................5

        1. This Court's *en banc* decision in *Webster v. Daniels* is still good law and permits review of Robinson's § 2241 Petition.....5

        2. The Court's decision in *Garza v. Lappin* is still good law and permits review of Robinson's § 2241 Petition.....................6

II. CONCLUSION.......................................................................................8

CERTIFICATE OF COMPLIANCE.........................................................9

CERTIFICATE OF SERVICE ...............................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alleyne v. United States*,
  570 U.S. 99 (2013) ..................................................................................6

*Brown v. Davenport*,
  596 U.S. 118 (2022) ................................................................................3

*Garza v. Lappin*,
  253 F.3d 918 (2001) .......................................................................1, 2, 6, 8

*Medellin v. Texas*,
  552 U.S. 491 (2008) ................................................................................7

*United States v. Cotton,*
  535 U.S. 625 (2002) ..............................................................................1, 4

*Jones v. Hendrix*,
  599 U.S. 465 (2023) ........................................................................*passim*

*United States v. Smith*,
  360 U.S. 1 (1959) ................................................................................1, 4

*Robinson v. Lammer*,
  162 F.4th 853 (2025) ............................................................................1, 3

*Webster v. Daniels*,
  784 F.3d 1123 (2015) ........................................................................1, 2, 5

**Federal Statutes**

U.S. Const. amend. V ..................................................................................3

28. U.S.C. § 2241 ............................................................................2, 5, 7, 8

28 U.S.C. § 2255 ..............................................................................*passim*

**Federal Rules**

Fed. R. App. P. 27 ....................................................................................9

Fed. R. App. P. 32 ....................................................................................9

Fed. R. App. P. 40 ................................................................................1, 2, 9

**STATEMENTS PURSUANT TO FED. R. APP. P. 40(b)(1) & (2)**

Appellant, Julius Robinson, requests panel rehearing. The Panel Opinion, *Robinson v. Lammer*, 162 F.4th 853, 856 (2025), overlooks Appellant's argument that, because his trial was capital, his faulty indictment claim is jurisdictional under *United States v. Smith*, 360 U.S. 1 (1959). The Panel Opinion, in declining to find the claim jurisdictional, instead relies on *United States v. Cotton*, 535 U.S. 625 (2002), which Appellant argues is only applicable to noncapital cases. That argument is set forth in Appellant's Memorandum of Law, Dkt. No. 7 at 9-12, and again below. Robinson's argument in support of his petition, *see* Fed. R. App. P. 40(b)(1)(B), is also included below.

Robinson also requests rehearing en banc. The Panel Opinion holds that the United States Supreme Court, in *Jones v. Hendrix*, 599 U.S. 465, 482-483 (2023), abrogated this Court's decisions in *Garza v. Lappin*, 253 F.3d 918 (2001) and *Webster v. Daniels*, 784 F.3d 1123 (2015) (en banc), and upends this Circuit's approach to the § 2255(e) savings clause. The full court's consideration is necessary to maintain uniformity of the Court's decisions. Fed. R. App. P. 40(b)(2)(A).

Additionally, the proceeding involves questions of exceptional importance: whether the Suspension Clause protects Robinson's right to bring a jurisdictional claim that his Fifth Amendment right to an indictment in his capital case was

violated, and the extent to which the United States Supreme Court has curtailed the savings clause provision of § 2255(e). *See* Fed. R. App. P. 40(b)(2)(D).

## I. INTRODUCTION

The Panel Opinion, which overrules significant Seventh Circuit precedent, is a summary affirmation of the district court's ruling made without the benefit of full appellate briefing in the usual course. In finding that the Suspension Clause does not protect Robinson's right to file his current § 2241 habeas petition, the opinion incorrectly conflates Supreme Court precedent pertaining to *noncapital* indictments with Robinson's *capital* indictment. The opinion also unnecessarily and incorrectly extends the United States Supreme Court's *Jones v. Hendrix*, 599 U.S. 465, 482-483 (2023) decision, severely limiting the § 2255(e) savings clause and nearly writing the clause out of the statute. In so doing, the opinion abrogated this Court's *Garza v. Lappin*, 253 F.3d 918 (2001) decision and *Webster v. Daniels*, 784 F.3d 1123 (2015) (en banc). But *Jones* is not so expansive, and the savings clause is not so curtailed. *Garza* and *Webster* survive *Jones*, and allow this Court to adjudicate Robinson's claims. Robinson respectfully requests rehearing as to the panel's decision on the Suspension Clause, and rehearing en banc so that the entire panel can consider whether *Garza* and *Webster* have been abrogated.

<h1 style="text-align:center">ARGUMENT</h1>

**I.    The Suspension Clause requires that Robinson's jurisdictional claim receive habeas review**

**1.    The Suspension Clause, at the time of its drafting, protected the right to bring a jurisdictional claim like the one at issue here**

As noted in the panel opinion, *Robinson v. Lammer*, 162 F.4th 853, 856 (2025), the United States Supreme Court has held that the Suspension Clause only protects the right to file a writ of habeas corpus as the writ was understood at the time the Suspension Clause was adopted. Subsequent expansions of the writ are not protected by the Suspension Clause. *Jones v. Hendrix*, 599 U.S. 465, 482-483 (2023). And while the original writ was primarily reserved for a pre-trial challenge, the U.S. Supreme Court recently acknowledged that, historically, a post-judgment challenge could be made as to jurisdiction: "…an important exception existed in both English and American law: A habeas court could grant relief if the court of conviction lacked jurisdiction over the defendant or his offense." *Brown v. Davenport*, 596 U.S. 118, 129 (2022). Robinson brings such a claim here.

**2.    The panel decision incorrectly classified Robinson's claim as non-jurisdictional**

The Fifth Amendment to the United States Constitution states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury…" U.S. Const. amend. V.

Robinson's indictment, returned by a grand jury, did not properly indict him for capital murder. Instead, it charged him with non-capital murder. As such, the district court did not have jurisdiction to conduct a capital murder trial, and sentence him to death. Even so, without jurisdiction, the court conducted a capital trial, and sentenced Robinson to death. That was an error which can be corrected by a writ of habeas corpus, and the Suspension Clause protects the right to bring such a claim.

In *United States v. Smith*, 360 U.S. 1 (1959), the Supreme Court established that, in a capital case, the Fifth Amendment's right to indictment by grand jury is non-waivable. The failure to properly indict a capital defendant deprives the trial court of the "power… to hear the case." *Id*. at 9. This non-waivable jurisdictional requirement was an important protection for a capital defendant, and ensured that a capital trial and sentence could only proceed following a proper indictment from a grand jury.

The panel decision incorrectly dispenses with this argument by citing to *United States v. Cotton*, 535 U.S. 625 (2002), which held that in noncapital cases, a defective indictment does not deprive the court of jurisdiction. But a capital trial and a capital sentence is different, and *Cotton* does not disagree. *Cotton* did not overrule *Smith*, and the *Cotton* decision confined itself to the noncapital situation

4

presented in that case. The panel opinion's reliance on *Cotton* to classify

Robinson's claim as not jurisdictional was misplaced and should be reconsidered.

**II.    The Court should grant rehearing en banc.**

### 1.    This Court's *en banc* decision in *Webster v. Daniels* is still good law and permits review of Robinson's § 2241 Petition.

With *Jones*, the U.S. Supreme Court established that the savings clause does

not permit a petitioner to proceed under § 2241 based on a subsequent, more

favorable, interpretation of statutory law. *Jones*, 599 U.S. at 470.

*Webster,* however*,* is not a case about a favorable change in statutory law.

Rather, *Webster* concerns the discovery of "new evidence [that] would reveal that

the Constitution categorically prohibits a certain penalty…." 784 F.3d 1123, 1139

(7th Cir. 2015) (en banc). Following unsuccessful § 2255 proceedings, Webster's

attorneys discovered new evidence, not previously available despite their due

diligence, that established that Webster was intellectually disabled. Webster filed a

§ 2241 petition in the Southern District of Indiana, and on review this Court held

that "there is no categorical bar against resort to section 2241 in cases where new

evidence would reveal that the Constitution categorically prohibits a certain

penalty…." *Id*. at 1139.

Webster could not have brought this claim via § 2255. This situation, where

there was simply no vehicle for adjudication of Webster's newly discovered claim,

is what the savings clause was created for. Without it, the United States may have

unconstitutionally executed an intellectually disabled man. *Id.* at 1139 ["To hold otherwise would lead in some cases—perhaps Webster's—to the intolerable result of condoning an execution that violates the Eighth Amendment."].

Robinson's indictment claim is similar. Robinson's claim is that the trial court exceeded its jurisdiction by conducting a capital trial without a proper capital indictment, and in the same manner that post-conviction developments established that Webster was intellectually disabled, postconviction developments (specifically the United States Supreme Court decision *Alleyne v. United States*, 570 U.S. 99 (2013)) established that Robinson was not indicted for a capital crime, and thus the Fifth Amendment bars a capital prosecution. Significantly, the postconviction development in Robinson's case is not a new statutory interpretation or new evidence, but rather one of jurisdiction under the Fifth Amendment to the Constitution—under the law, the United States District Court had no jurisdiction to hear Robinson's capital trial.

### 2. The Court's decision in *Garza v. Lappin* is still good law and permits review of Robinson's § 2241 Petition.

In *Garza v. Lappin*, this Court considered whether an intervening decision of an international tribunal issued in the petitioner's case after the conclusion of § 2255 proceedings satisfied the saving clause. 253 F.3d 918 (2001). There, following the conclusion of Petitioner Garza's § 2255 proceedings, Garza sought relief in the Inter-American Commission on Human Rights ("IACHR"). In order to

seek such relief, Garza was required to first complete his § 2255 proceedings. The IACHR ruled in Garza's favor finding that his death sentence violated international human rights norms. *Id*. at 920. Garza then filed a § 2241 petition in the Southern District of Indiana based on the IACHR's decision in his case. This Court determined that the saving clause did not bar Garza's § 2241 petition because "the operation of the successive petition rules [would] absolutely prevent [Garza] from ever having an opportunity to raise a challenge to the legality of his sentence." *Id*. at 922.

In a near identical situation, after the denial of his § 2255 motion, Robinson filed a petition in the IACHR pleading various human rights violations in connection with his convictions and death sentences. *See generally* § 2241 Petition, Claim 5, 153-154. The IACHR eventually issued a decision finding multiple human rights violations in his case. Robinson pled the violations as Claim 5 in his § 2241 petition, noting that since *Garza*, the Supreme Court had issued its decision in *Medellin v. Texas*, 552 U.S. 491 (2008), which suggested that although the decisions of international courts may not be binding on the states, such decisions impact on federal courts are subject to a different analysis.

*Jones* did not expressly overrule *Garza*, and did not touch on the impact of intervening decisions issued in the specific petitioner's case. *Jones* does however recognize that a § 2241 petition is available to a petitioner "in cases where unusual

circumstances make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478. This was precisely this Court's reasoning in *Garza* and why it reversed the district court's finding that it lacked jurisdiction to consider *Garza's* § 2241 petition. Indeed, the IACHR requires that a petitioner exhaust his domestic remedies before seeking recourse with the commission. *Garza*, 253 F.3d at 920. As a result, Robinson could not have filed his petition in the IACHR until his § 2255 proceedings had concluded. *Id*.

## II.  CONCLUSION

Robinson has presented a jurisdictional claim arising from the Fifth Amendment to the Constitution, protected by the Suspension Clause, and which is firmly rooted in the history of the writ of habeas corpus. This is the kind of historically privileged claim that the United States Supreme Court has protected, rather than curtailed. Robinson petitions for rehearing, and for rehearing en banc.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 17, 2026     By  */s/ Michael Petersen*
                                  MICHAEL PETERSEN
                                  JONATHAN C. AMINOFF
                                  Deputy Federal Public Defenders

                                  Attorneys for Petitioner-Appellant

**CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Fed. R. App. P. 32(g), that this motion complies with the type-volume limitations of Fed. R. App. P. 40(d)(3)(A) because it contains 1,765 words. This motion was prepared using Microsoft Word for Office 365 software and, in making this certification, I have relied upon that software's word-count feature. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and Fed. R. App. P. 32(a)(5) because it has been prepared in a proportionally spaced, serif typeface (Times New Roman) in 14-point size. It complies with the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been set in plain, roman style.

DATED: February 17, 2026

*/s Michael Petersen*
MICHAEL PETERSEN

# CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing **PETITION FOR PANEL REHEARING AND REHEARING EN BANC** with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED: February 17, 2026          */s/ Elizabeth Bañuelos*
                                   *ELIZABETH BAÑUELOS*